### In re SMALL'S WILL.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

WILLS—UNDUE INFLUENCE—CONFIDENTIAL RELATIONS.

　　The fact that the sole beneficiary under a will was deceased's physician, and stood in confidential relationship to him, does not conclusively show that the will was executed by reason of undue influence on the part of the beneficiary.

Appeal from Surrogate's Court, Montgomery County.

In the matter of the probate of the alleged last will and testament of Dan Small, deceased. From a decree of the surrogate refusing to probate the will, Adam Walrath, the executor named therein, appeals. Reversed.

Daniel Small died on November 2, 1903, at the age of about 40 years. He left a last will and testament, by which he gave all his property to Dr. Adam Walrath, to the exclusion of all his relatives, and named him as the sole executor thereof. The only relatives he left surviving him were two uncles, one aunt, and two cousins, and his estate amounted to about $7,500. Two of such uncles—Joab and Matthew Small—and the aunt filed objections to the probate of such will, wherein they claimed that the alleged will was not his free and voluntary act; that it was not subscribed and published and executed in conformity with the requirements of statute; that, if made by decedent, it was made under duress, threats, and force, and as the result of a conspiracy, and by parties who conspired together to compel or improperly induce the said decedent to make and execute the paper as his will; that said paper was made and signed at a time when deceased was not in his right mind, and that when he executed it said deceased was not of sound mind and memory and competent to make a valid will. After a hearing before the surrogate of Montgomery county, he found as a fact that all such objections so filed had been proved and sustained, and refused probate to the

will. From the decree then entered this appeal is taken by Adam Walrath, the said executor.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Edward R. Hall and N. J. Herrick,. for appellant.
H. V. Borst, for respondent Small.

PARKER, P. J. The refusal of the surrogate to admit this will to probate is evidently based upon the theory that the testator was under the influence of Dr. Walrath at the time he made it, and that, owing to his mental incapacity, he has been unduly influenced in the doctor's favor, to the unjust exclusion of his own relatives. The objections that the paper was not executed in due form, and that the deceased was under duress, threats, or force when he so executed it, are clearly not proven. As to the other question—that it was brought about by "undue influence"—I am not at all satisfied that the conclusion of the surrogate is correct. Undoubtedly the deceased was an unusually eccentric character, and undoubtedly his mental powers were more or less weakened; but whether such powers were sufficient to enable him to understand and appreciate the amount and condition of his property, and to comprehend the nature and consequences of his act in executing such paper as his will, is not so clear. It is to be noticed that there is no evidence of any direct effort on the part of any one to induce him to dispose of his property to Dr. Walrath. It is not shown that any one urged him to execute the paper in question; and how far that act on his part was the result of outside influences is, in my judgment, a question of considerable doubt, and one requiring very careful consideration. I am not unmindful that the sole beneficiary under this will was the physician of the deceased, and therefore one who stands in a confidential relation to the deceased; but that is by no means conclusive that the will in question was executed by reason of undue influence on his part. Matter of Cornell, 43 App. Div. 241, 60 N. Y. Supp. 53; affirmed 163 N. Y. 608, 57 N. E. 1107. And in view of the evidence in this case concerning the part which the deceased himself took in procuring the witnesses to the will, in the knowledge which he actually possessed concerning the contents of the will and its effect, and in view of the fact of the avowed purpose of the deceased to leave his property to others than his relatives, and of the years of estrangement between himself and them, it can hardly be said that such relation, alone by itself, raised a presumption, even, of undue influence. Matter of Spratt, 4 App. Div. 5, 38 N. Y. Supp. 329, and cases there cited. I am of the opinion that the question of the testamentary capacity of the deceased and of undue influence on the part of the beneficiary should receive the careful consideration of a jury, and to that end the decree of the surrogate should· be set aside.

Decree of the surrogate of Montgomery county reversed upon the facts, and the issues ordered to be tried by a jury at the next trial term of the Supreme Court in the county of Montgomery, with costs of appeal to abide

the event of the new trial. The material questions to be submitted to the jury upon such trial are: First. At the time of the making of the alleged will, did Daniel Small understand the nature and extent of his property, and the nature and quality of the claims to his bounty of his heirs and next of kin and of any other person? Second. Was the will procured through undue influence exercised upon the said Daniel Small either by or in behalf of Adam Walrath, the beneficiary named in the will? All concur.